# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN ANDRADE-ANAYA,<br><br>                        Petitioner,<br><br>  v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement and Removal Operations; TODD LYONS, in his official capacity as Acting Director of ICE; PAMELA BONDI, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DEPARTMENT OF HOMELAND SECURITY,<br><br>                        Respondents. | Case No.:  25-cv-03207-DMS-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1). Respondents filed a return to the Petition. (Return, ECF No. 5). Petitioner did not file a reply. After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument. S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law). For the following reasons, the Court grants in part and denies in part the Petition.

## I.  BACKGROUND

Petitioner, a Mexican national, entered the United States in 2004. (Pet. ¶ 1). On or around October 10, 2025, Immigration and Customs Enforcement agents arrested Petitioner. (*Id.* ¶ 17). Petitioner has since been detained at Otay Mesa Detention Center. (*Id.* ¶ 18). He is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (as an immigrant not in possession of valid entry documents). (Return 1). He is currently in removal proceedings pursuant to 8 U.S.C. § 1229a. (*Id.*).

Respondents argued before the Immigration Court that Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2). (Pet. ¶ 24). Petitioner's next master-calendar hearing is scheduled for December 18, 2025 before an immigration judge ("IJ"). (*Id.* ¶ 19). Petitioner has not yet received a bond determination hearing and has not requested a custody redetermination because "the Board of Immigration ('BIA') decision in *Matter of Yajure Hurtado*, 2[9] I&N Dec. 216 (BIA 2025) has meant that all requests for custody redetermination under Petitioner's circumstances have been dismissed for lack of jurisdiction." (*Id.* ¶ 3).

The Petition asserts that Petitioner's detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (*Id.* at 6–8). Respondents maintain that Petitioner is being lawfully detained under § 1225(b)(2). (Return 1). Petitioner requests a writ of habeas corpus ordering the immediate release of Petitioner under reasonable conditions of supervision; an order enjoining Respondents from transferring Petitioner out of the

Southern District of California during the pendency of these proceedings and while Petitioner remains in Respondents' custody; and any other relief which this Court deems "just and proper." (*Id.*, Prayer for Relief, ¶¶ 2–3, 6).

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III. DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Return 5–9). The Court has previously considered and rejected this argument. *See Vasquez Garcia v. Noem*, --- F.Supp.3d ----, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025); *Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP, ECF No. 7, at 3–4 (S.D. Cal. Oct. 30, 2025). Based on the reasoning of those cases, the Court again rejects this argument.

### B. Exhaustion

In a footnote, Respondents argue that the Court should "ensure Petitioner properly exhausts administrative remedies." (Return 9 n.1). Petitioner argues that prudential exhaustion would be futile in light of the BIA's decision, *Yajure Hurtado*. (*See* Pet. ¶¶ 13–15). The Court agrees with Petitioner and other courts that have addressed this issue. *See Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025) (finding exhaustion would be futile in light of *Yajure Hurtado*); *Vasquez v. Feeley*, --- F. Supp. 3d ----, 2025 WL 2676082, at *10 (D. Nev. Sept. 17, 2025) (same).

### C. Merits—Detention Statutes

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful and that he instead falls under § 1226(a)'s discretionary detention framework. (Pet. ¶ 29). Respondents maintain that Petitioner is properly detained under § 1225(b)(2). (Return 1). The Court agrees with Petitioner.

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Respondents do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Return 11–12). However, Respondents' understanding of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina v. Larose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), superfluous. Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already

encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Vasquez Garcia*, 2025 WL 2549431, at *6. "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been implicated in any crimes as set forth in Section 1226(c)*." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country." *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)). Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2).[1]

### D. Relief

Because § 1226(a) establishes a discretionary detention framework, there remains the possibility that Petitioner will be detained even after a bonding hearing. As such, the Court **DENIES** Petitioner's request to be immediately released from custody under reasonable conditions of supervision. Instead, the harm suffered—that Petitioner is not receiving a bond hearing under the proper statute—is remedied by ordering Respondents to conduct a bond hearing under § 1226(a) and enjoining Respondents from denying bond on the basis that Petitioner is detained under § 1225(b)(2). *See Rodriguez*, 779 F. Supp. 3d at 1263. Thus, the Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing pursuant to § 1226(a).[2]

---

[1] In light of this determination, the Court declines to address Petitioner's arguments concerning the Fifth Amendment's Due Process Clause.

[2] Petitioner also seeks an order prohibiting Respondents from "transferring Petitioner out of the jurisdiction of this court during the pendency of these proceedings and while . . . Petitioner remains in Respondents' custody." (Pet., Prayer for Relief, ¶ 3). Respondents do not address this requested relief in their Return. The Court therefore **GRANTS** the relief without further discussion.

## IV.     CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition.  However, the Court **DENIES** Petitioner's request to be immediately released from custody under reasonable conditions of supervision.  The Court **ENJOINS** Respondents from transferring Petitioner out of the Southern District of California during the pendency of these proceedings and while Petitioner remains in Respondent's custody.  Further, this Court **ORDERS** Respondents to provide Petitioner with a bond hearing under § 1226(a) within **fourteen days** of the entry of this Order.  Respondents shall not deny Petitioner's bond on the basis that § 1225(b)(2) requires mandatory detention.  The parties are **ORDERED** to file a Joint Status Report within **21 days** of this Order's filing, confirming Petitioner received a bond hearing under § 1226(a).

**IT IS SO ORDERED.**

Dated:  November 26, 2025

Hon. Dana M. Sabraw
United States District Judge